**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005

Plaintiff,

v. : Civil Action No.

FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463

Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the Federal Election Commission ("FEC" or "Commission") to fulfill the request of Citizens for Responsibility and Ethics in Washington ("CREW") for records related to communications of three FEC commissioners with individuals and entities outside the Commission, and the calendars and other recordations of meetings and appointments of these commissioners.

2. This case seeks declaratory relief that the FEC is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that the FEC immediately and fully comply with CREW's request under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff CREW is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials, federal agencies and entities, and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW will analyze the information it receives that is responsive to its request and will share it with the public through memoranda, reports, or press releases. In addition, CREW will disseminate any documents it acquires from its request to the public through its own website, www.citizensforethics.org, as well as another website on which CREW, among others, posts documents for public review, www.scribd.com. CREW's website also contains links to thousands of pages of documents CREW acquired from multiple FOIA requests.

7. CREW is harmed by the FEC's failure to comply with the FOIA because that failure harms CREW's ability to provide full, accurate and current information to the public on a matter of public interest. 5 U.S.C. § 552(a)(6)©. Absent this critical information, CREW cannot

advance its mission of educating the public to ensure the public continues to have a vital voice in government decisions.

8. Defendant FEC is an agency within the meaning of 5 U.S.C. § 552(f). The FEC has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

13. On March 7, 2011, CREW sent a FOIA request to the FEC by facsimile seeking: (1) all correspondence related to any and all FEC business between Commissioners Matthew S.

Peterson, Caroline C. Hunter, or Donald F. McGhan II and any individual or entity outside of the FEC from the date each commissioner took office to the present; (2) all calendars, agendas, or other recordations of the schedules of Commissioners Peterson, Hunter, and McGhan; (3) all written *ex parte* communications delivered to an FEC ethics officer or Designated Agency Ethics Official (collectively "ethics official") by Commissioners Peterson, Hunter, and McGhan or by someone acting on their behalf pursuant to 11 C.F.R. §§ 7.15(c), 201.3(c), 201.4(a); and (4) all statements setting forth the substance and circumstances of any oral *ex parte* communication prepared by any of these commissioners or by someone acting on their behalf and delivered to an ethics official pursuant to 11 C.F.R. §§ 7.15(d), 201.3©, 201.4(a).

14. CREW limited its requests for written *ex parte* communications and statements setting forth the substance and circumstances of oral *ex parte* communications to records in the possession of an ethics official.

15. CREW also requested a waiver of fees associated with the processing of its request. CREW explained the request concerns the operations of the federal government, the disclosures likely will contribute to a better understanding of relevant government procedures in a significant way, and the request primarily and fundamentally is for non-commercial purposes. Specifically, these records are likely to contribute to greater public awareness of *ex parte* communications between FEC commissioners and parties with business before the FEC, as well as whether commissioners are complying with their statutory obligation to deliver *ex parte* communications and prepare and deliver statements about them to FEC ethics officials.

16. CREW also requested it not be charged search or review fees because it qualifies as a representative of the news media under the FOIA. CREW explained how it routinely and

systematically disseminates information to the public, including through its frequently visited website www.citizensforethics.org, the website www.scribd.com on which CREW posts all of the documents it receives under the FOIA, an online newsletter that at that time had well over 16,000 subscribers, a blog, and CREW's numerous published reports that educate the public about government ethics and corruption.

17. By email dated March 8, 2011, the FEC acknowledged receipt of the request, and advised CREW its request for a fee waiver had been granted.

18. Following subsequent conversations and communications with FEC Assistant General Counsel for Administrative Law Nicole St. Louis Mathis, CREW agreed to exclude from the FEC's initial search the official files of federal campaign-related matters (such as Matters Under Review, enforcement actions, applications for public funding, audits, litigation, and advisory opinions) and rulemaking proceedings. In its letter of March 29, 2011 setting forth this clarification, CREW explained that by agreeing to this procedure CREW was not narrowing the scope of its request. CREW also explained that after it reviewed the records the FEC produced by the initial search CREW would further clarify whether additional searches were needed to fulfill the request.

19. CREW also agreed to exclude from the request: (1) correspondence sent by one of the named commissioners in a federal campaign-related matter or rulemaking proceeding solely in his or her authorized capacity as Chair or Vice Chair to represent the commission, such as a subpoena or Reason to Believe finding; (2) correspondence docketed in a federal campaign-related matter or rulemaking proceeding and received by one of the named commissioners solely as a carbon copy; and (3) correspondence forwarding official reports to other government

agencies or Congress and signed by one of the named commissioners solely in his or her authorized capacity as chair or vice chair, such as agency privacy reports or budget justifications. Further, CREW agreed that the word "meeting" as used in the request for notes of meetings did not include a hearing of the commission in an open or executive session.

20. To date, CREW has not received any documents from the FEC in response to its March 7, 2011 FOIA request, nor has it received an estimated date by which the FEC will complete its processing of the request.

21. Plaintiff has now exhausted administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records Under the FOIA)

22. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23. Plaintiff, through its March 7, 2011 FOIA request, properly asked for records within the FEC's control.

24. Defendant FEC has neither produced any records to CREW in response to its FOIA request, nor made any explicit and justified claims of statutory exemption.

25. Plaintiff has exhausted the applicable administrative remedies with respect to defendant FEC's wrongful withholding of the records requested in plaintiff's March 7, 2011 FOIA request.

26. The FEC violated the FOIA's mandate to release agency records to the public, by failing to release the records plaintiff specifically requested. 5 U.S. C. §§ 552(a)(3)(A), 552(a)(4)(B).

27. Accordingly, plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in plaintiff's March 7, 2011 FOIA request.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that the FEC violated the Freedom of Information Act by failing to lawfully satisfy plaintiff's March 7, 2011 FOIA request;

(2) Order the FEC to process and release immediately all records responsive to plaintiff's March 7, 2011 FOIA request at no cost to plaintiff;

(3) Retain jurisdiction of this action to ensure the processing of plaintiff's FOIA request and that no agency records are wrongfully withheld;

(4) Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ANNE L. WEISMANN
(D.C. Bar No. 298190)
MELANIE SLOAN
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: May 23, 2011

Attorneys for Plaintiff